NATIONAL SURETY COMPANY *v.* BYRD.

Opinion delivered June 3, 1929.

*Silas W. Rogers,* for appellant.

*Allyn Smith,* for appellee.

KIRBY, J. This appeal is prosecuted by appellant company from a decree holding it liable as a surety on a receiver's bond for the payment of certain money collected by the receiver and deposited in the Bank of Smackover, which failed, resulting in the loss of the amount deposited.

The original action was commenced by one partner against the other partners to wind up the affairs of the partnership, and Homer T. Rogers was appointed receiver to take charge of the assets, and gave bond in due course, with the appellant company as surety. The bond was conditioned in the terms of the statute, "that he will faithfully discharge the duties incumbent on him and faithfully account for and pay into court * * * all moneys or assets which shall come to his hands as such receiver in the case." The receiver made his final report showing "cash not collectible in the Bank of Smackover $583.66," and asked that the surety be discharged from its liability on the bond for the loss of the money in the failed bank. Exceptions were filed to that part of the report asking his discharge from such liability.

Appellant insists that the receiver did only what any reasonably prudent man could have done under the

circumstances, in making the deposit of the funds in his hands, as such receiver, in the bank, which later failed, there being no indication of its insolvency at the time, nor anything shown in the record to excite the suspicion of a reasonably prudent man that it was not solvent and a safe depository of the funds. He insists that the rule relative to the question should be the same as laid down by this court for the liability of administrators to account for and make settlement of their estates, as held in *Harper* v. *Betts,* 177 Ark. 978, 8 S. W. (2d) 464, 11 R. C. L. 158, 23 R. C. L. 81; 1 Tardy's Smith on Receivers, 201.

The receiver is an officer of the court appointing him, and the condition of the receiver's bond, as prescribed by statute, is different from that required of administrators, the receiver being bound to account for and pay into court all money or assets which shall come into his hands as such receiver, and in that respect like the bonds of the public officials, requiring them to account for and pay over money coming into their hands as such. Sections 1906, 2832, 10029, C. & M. Digest.

In *State* v. *Huxtable,* 178 Ark. 361, 12 S. W. (2d) 1, it was held that the county treasurer and his bondsmen were bound to the payment of funds of a special school district deposited without negligence by him in a bank which failed, causing the loss of the fund, and notwithstanding the county court had allowed credit thereon in settlement of the treasurer's account. It was there said:

"The general rule with respect to the liability of public officers and their sureties for the loss of public moneys is that where the statute, in express terms, imposes the duty to pay over public funds received and held as such, and no condition limiting that obligation is in the statute, the obligation thus imposed upon and assumed by the officer is absolute, and the plea that the money has been lost without his fault does not constitute a defense to an action for its recovery." And also: "In short, the settled rule is that public policy requires

690

that every depository of public money should be held to strict accountability. The obligation to keep safely the public money is absolute, without any condition, express or implied. Nothing but the payment of it when required can discharge the bond, unless by statutory authority.''

Appellant is a commercial surety, and held to strict accountability, and nothing but the payment, when required, by his principal, of the money coming into his hands as receiver, could discharge him, as the court correctly held. *State* v. *Huxtable, supra;* see also *Claflin Co.* v. *Gibson* (Ky.), 54 S. W. 439; *Baldwin* v. *Owens* (Ky.), 51 S. W. 440; *State* v. *Chicago Bonding Co.*, 279 Mo. 535, 215 S. W. 20; *U. S. Fidelity & Guaranty Co.* v. *Freedman* (Ohio App.) 164 N. E. 800.

We find no error in the record, and the judgment is affirmed.